UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | 2:26-cv-03542-AB-AYP | Date: | June 23, 2026 |
|---|---|---|---|

| Title: | *David Castro v. TalentBurst, Inc., et al.* |
|---|---|

| Present: The Honorable | **ANDRÉ BIROTTE JR., United States District Judge** |
|---|---|

| Evelyn Chun | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:**     **[In Chambers] ORDER <u>GRANTING</u> PLAINTIFF'S MOTION TO REMAND [Dkt. No. 9]**

Pending before the Court is Plaintiff David Castro's ("Plaintiff") Motion to Remand ("Motion," Dkt. No. 9). Defendants TalentBurst, Inc. and TalentBurst Connect, Inc. (collectively, "Defendants") filed an Opposition ("Opp'n," Dkt. No. 14), and Plaintiff filed a Reply ("Reply," Dkt. No. 15). Finding the matter suitable for decision without oral argument, the Court took the Motion under submission. *See* Fed. R. Civ. P. 78; Local Rule 7-15. For the following reasons, the Motion to Remand is **GRANTED.**

## I.     BACKGROUND

Plaintiff, on behalf of himself and all others similarly situated, initiated this putative class action in the Superior Court of California, County of Los Angeles on February 9, 2026, against Defendants. *See* Notice of Removal ("NOR" Dkt. No. 1), Ex. A, Summons and Complaint Packet ("Compl."). Plaintiff asserts eight causes of action against Defendants for: (1) failure to pay all overtime wages; (2) meal period violations; (3) rest period violations; (4) failure to pay all sick time; (5)

wages statement violations; (6) waiting time penalties; (7) failure to reimburse necessary business expenses; and (8) unfair competition. Compl. ¶¶. 50–51, 55, 59–60, 66, 71, 78, 83, 85–86.

On April 2, 2026, Defendants removed the action to this Court based on the original jurisdiction of this Court under 28 U.S.C. §§ 1332, 1441, and removal jurisdiction under 28 U.S.C. § 1446. NOR ¶¶ 1–2, 7–8. On April 2, 2026, Plaintiff moved to remand the action. *See* Mot.

## II.    LEGAL STANDARD

A defendant may remove a civil action filed in state court to federal court when the federal district court has original jurisdiction over the action. 28 U.S.C. § 1441(a). "A suit may be removed to federal court under 28 U.S.C. § 1441(a) only if it could have been brought there originally." *Sullivan v. First Affiliated Sec., Inc.*, 813 F.2d 1368, 1371 (9th Cir. 1987).

A removing defendant bears the burden of establishing federal jurisdiction. *See Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015). A federal district court has diversity jurisdiction over a matter where the amount in controversy exceeds the sum or value of $75,000 and there is complete diversity among opposing parties. 28 U.S.C. § 1332(a)(1).

The amount in controversy, for purposes of diversity jurisdiction, is the total "amount at stake in the underlying litigation." *Theis Research, Inc. v. Brown & Bain*, 400 F.3d 659, 662 (9th Cir. 2005). "[T]his includes any result of the litigation, excluding interests and costs, that 'entails a payment' by the defendant." *Gonzales v. CarMax Auto Superstores*, LLC, 840 F.3d 644, 648 (9th Cir. 2016). "Among other items, the amount in controversy includes damages (compensatory, punitive, or otherwise), the costs of complying with an injunction, and attorneys' fees awarded under fee-shifting statutes or contract." *Fritsch v. Swift Transportation Co. of Arizona*, LLC, 899 F.3d 785, 793 (9th Cir. 2018). "[I]n assessing the amount in controversy, a court must 'assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint.' " *Campbell v. Vitran Exp., Inc.*, 471 Fed. App'x 646, 648 (9th Cir. 2012) (quoting *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002)).

In determining the amount in controversy, courts first look to the allegations in the complaint. *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir.

2015). But "where it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled[,]" courts apply a preponderance of the evidence standard, which requires the defendant to provide evidence showing that it is more likely than not that the $75,000 amount in controversy is met. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007) (citing *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996)). In considering whether the removing defendant has satisfied its burden, the court "may consider facts in the removal petition" and "summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335–36 (5th Cir. 1995)). "[A] damages assessment may require a chain of reasoning that includes assumptions ... [but] those assumptions cannot be pulled from thin air but need some reasonable ground underlying them." *Ibarra*, 775 F.3d at 1199.

To meet this burden as to the amount in controversy, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88 (2014) (citing 28 U.S.C. § 1446(c)(2)(B)). Only "when the plaintiff contests, or the court questions, the defendant's allegation" must the defendant submit evidence to establish the amount in controversy by a preponderance of the evidence. *Id.* at 89 (citing 28 U.S.C. § 1446(c)(2)(B)); *see Ibarra*, 775 F.3d at 1195; *Harris v. KM Industrial, Inc.*, 980 F.3d 694, 699 (9th Cir. 2020) ("When a plaintiff mounts a factual attack, the burden is on the defendant to show, by a preponderance of the evidence, that the amount in controversy exceeds the $5 million jurisdictional threshold.").

Complete diversity exists only when "*each* defendant is a citizen of a different State from *each* plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). For purposes of diversity jurisdiction, individuals' state citizenship is "determined by [their] state of domicile": the place where they "reside[] with the intention to remain[.]" *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

Any doubt about the existence of subject matter jurisdiction must be resolved in favor of remanding the action to state court. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)); *see also Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) ("The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand."

(citation omitted)); *Sandoval v. Republic Servs., Inc.*, No. 2:18-cv-01224-ODW(KSx), 2018 WL 1989528, at *2 (C.D. Cal. Apr. 24, 2018). A removal's propriety "may later be tested in the federal court, either on a motion by a party to remand, or by the court on its own motion." *Libhart*, 529 F.2d at 1065.

## III.   DISCUSSION

Plaintiff argues that remand is required because Defendants fail to provide evidence establishing that the amount in controversy exceeds $75,000. Mot. at 1. The Court agrees. As Plaintiff highlights, despite having sole access to the relevant payroll, timekeeping, and wage records, Defendants nevertheless fail to provide those records or any evidentiary estimates derived from them, and instead base their calculations for unpaid overtime, meal period, and rest period claims on unsupported speculation. *Id*. at 4; *see Garibay v. Archstone Communities LLC*, 539 F. App'x 763, 764 (9th Cir. 2013) (defendants failed to meet their burden to prove by a preponderance of the evidence that the amount in controversy was satisfied where they relied on speculative and self-serving assumptions regarding key unknown variables, along with a declaration from a payroll supervisor). Moreover, the Court agrees with Plaintiff that Defendants' projection of attorneys' fees is unsupported. Mot. at 5–6. Defendants provide no billing records, no attorney declarations estimating hours, no comparable cases involving similar fee awards, and no analysis of the anticipated duration of this litigation to support their calculation of attorneys' fees. *See Jauregui v. Roadrunner Transportation Servs., Inc.*, 28 F.4th 989, 994 (9th Cir. 2022) (where a defendant provides no evidence or clearly inadequate evidence supporting its valuation of a claim, a district court may properly assign that claim a $0 value). Accordingly, the Court concludes that Defendants failed to meet their burden to prove by a preponderance of the evidence that the amount is controversy exceeds $75,000. *See Ibarra*, 775 F.3d at 1197; *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992).

The Court is unpersuaded by Defendants' argument that they demonstrated that the amount in controversy exceeds $75,000 by a preponderance of the evidence. In attempting to meet their burden, Defendants rely not only on the Complaint but also on Plaintiff's LWDA notice and a separately filed PAGA action. *See* Opp'n at 3–5. It is undisputed, however, that the separate PAGA action is not removable and cannot be consolidated with this action. *Id.* at 4; Reply at 2–3. The Court agrees with Plaintiff that Defendants' reliance on the LWDA notice is misplaced, as it is not part of the operative Complaint and does not provide a reliable basis for calculating the amount in controversy in this case. Moreover, PAGA penalties may not be included in the amount in controversy because they

are largely recoverable on behalf of the State, not the individual plaintiff. Reply at 1–3; *see Ibarra*, 775 F.3d at 1197 courts look first to the complaint in assessing the amount in controversy); *Urbino v. Orkin Servs. of California, Inc.*, 726 F.3d 1118, 1122–23 (9th Cir. 2013) (PAGA penalties cannot be relied upon to meet the $75,000 diversity threshold). Therefore, Defendants' reliance on the LWDA notice and the separate PAGA action is insufficient to establish, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.

Defendants assert that their assumptions regarding the amount in controversy are permissible under *Arias v. Residence Inn by Marriott*, contending that such assumptions may be reasonable if grounded in the allegations of the complaint. 936 F.3d 920, 925 (9th Cir. 2019); Opp'n at 4. Defendants, however, misapply *Arias*, which permits reasonable assumptions only where they are grounded in the factual allegations of the complaint and supported by evidence in the record, not where they are based on unsupported or speculative estimates untethered to any competent evidentiary showing. *See Arias*, 936 F.3d at 925*; see also LaCross v. Knight Transp. Inc.*, 775 F.3d 1200, 1202 (9th Cir. 2015) (when the defendant relies on a chain of reasoning that includes assumptions to satisfy its burden of proof, the chain of reasoning and its underlying assumptions must be reasonable ones). Here, Defendants rely solely on the allegations in the Complaint, which do not specify any particular amount of damages, and therefore offer no evidentiary foundation from which the Court can reasonably infer—rather than merely speculate—that the jurisdictional threshold is satisfied. *See generally* Opp'n; *see also Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996) (where a complaint does not specify the amount of damages, the removing defendant bears the burden of proving that the amount in controversy is satisfied); *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 86, 135 S. Ct. 547, 552, 190 L. Ed. 2d 495 (2014) (evidence establishing the amount in controversy is required when the plaintiff contests the defendant's allegation).

Moreover, Defendants argue that Plaintiff misapplied *Ibarra v. Manheim Investments* contending that *Ibarra* does not prohibit reasonable assumptions based on the allegations of the complaint and that However, Defendants' reliance on Ibarra is misplaced. As discussed above, Defendants rely on improper sources— namely, Plaintiff's separate LWDA notice and a separately filed PAGA action— rather than providing a factual or evidentiary basis tied to the operative Complaint to support their contention that the amount in controversy exceeds $75,000. *See generally* Opp'n; *see also Ibarra*, 775 F.3d at 1197 the amount-in-controversy calculation must be tethered to the allegations of the complaint). Further, Defendants submitted no evidence relevant to the amount in controversy in their

Opposition, despite bearing the burden of proof and despite controlling Ninth Circuit authority requiring an evidentiary showing once jurisdiction is challenged. *Lewis v. Verizon Communications, Inc.,* 627 F.3d 395, 400 (9th Cir. 2010); *see Dart*, 574 U.S. at 88 once the amount in controversy is contested, both sides must submit proof and the court determines, by a preponderance of the evidence, whether the jurisdictional threshold is satisfied).

Lastly, Defendants assert that their projection of attorneys' fees is not "speculative" to consider under *Simmons v. PCR Technology*, contending that courts routinely recognize that attorneys' fees in California wage-and-hour litigation may substantially exceed the underlying damages. 209 F. Supp. 2d 1029, 1035 (N.D. Cal. 2002); Opp'n at 6. However, Defendants' reliance on *Simmons* is misplaced. *Simmons* addressed attorneys' fees in individual employment discrimination cases, noting that such fees may exceed damages in that context— not in individual wage-and-hour cases like the one at issue here. *See Simmons* 209 F. Supp. 2d at 1035; Reply at 6. Accordingly, Defendants rely on inapposite authority rather than providing a factually grounded estimate tailored to this case. Moreover, although attorneys' fees may be included in the amount in controversy, Defendants must support any such estimate with competent, non-speculative evidence, which they fail to do. *See Fritsch* 899 F.3d at 795. The Court is therefore unpersuaded that attorneys' fees—standing alone or otherwise—establish that the amount in controversy exceeds $75,000, particularly where Defendants provide no factual basis, methodology, or evidentiary support for their estimate. *See Conrad Assocs. v. Hartford Acc. & Indem. Co.*, 994 F. Supp. 1196, 1200 (N.D. Cal. 1998) (a defendant's calculation on attorneys' fees is speculative and insufficient to support its burden of establishing jurisdiction by a preponderance of the evidence without providing any factual information as to how it arrived at this figure).

Accordingly, the Court concludes that Defendants have failed to show by a preponderance of the evidence that the amount in controversy exceeds $75,000.

## IV.    CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion to Remand. The Clerk's Office is **ORDERED** to **REMAND** this action to the state court from which it was removed.

**IT IS SO ORDERED**.